IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| **SUPERIOR COMPOSITE STRUCTURES, LLC,**<br><br>          Plaintiff,<br><br>     v.<br><br>**ABERSHAM COMMERCIAL SERVICES, LTD** and **MALCOM PARRISH,**<br><br>          Defendants. | 4:10-CV-04066-KES<br><br>**ANSWER OF ABERSHAM COMMERCIAL SERVICES, LTD AND MALCOM PARRISH** |

      For their Answer to the Complaint, defendants state:

      1.    Admit that plaintiff is a South Dakota Limited Liability Company, but deny the balance of paragraph 1.

      2.    Abersham denies that it has done business in South Dakota.

      3.    Abersham is incorporated in England.  All other allegations of paragraph 2 are denied.

      4.    Admit.

      5.    Deny for lack of information that Celski and Ostergaard were managers of plaintiff in July of 2007.

      6.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

      7.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

      8.    Deny that Malcom Parrish agreed to buy houses.  As to Abersham this allegation is a mere pleading of evidence, and as such violates the requirement of Rule

8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

to buy houses was subject to a condition precedent that plaintiff failed to perform.

     9.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

     10.    Deny for lack of information that Ostergaard and Celske were "owners" of plaintiff. Admit that Ostergaard and Celski were at Abersham's Milwaukee factory in November, 2007.

     11.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

     12.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

     13.    Deny for lack of information.

     14.    Deny for lack of information.

     15.    Admit that defendants provided plaintiff with photos of the Milwaukee plant and deny the balance of the allegations of paragraph 15.

     16.    Admit that the parties signed Exhibit A to the Complaint on or about August 12, 2008. That document speaks for itself and for that reason all other allegations of paragraph 16 are denied.

     17.    Admit that the Abersham signed Exhibit B to the Complaint on or about June 9, 2008. That document speaks for itself and for that reason all other allegations of paragraph 17 are denied.

     18.    This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

19.     This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

20.     This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

21.     Admit that the Exhibit C to the Complaint is a copy of an email sent by Malcom Parrish to Ostergaard and Celski on or about April 2, 2009.  That document speaks for itself and for that reason all other allegations of paragraph 21 are denied.

22.     This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

23.     Deny for lack of information.

24.     Deny for lack of information the number of attempts that were made. Admit that Malcom Parrish met with Ostergaard and Celski on December 13, 2009. Deny that agreements were reached or that Exhibit D accurately reflects the discussions at the meeting.

25.     Deny for lack of information the number of attempts that were made. Admit that Exhibit is part? of Abersham's response to Exhibit D.  Defendants affirmatively state that Exhibit E shows conclusively that no material agreements were reached at the December 13, 2009 meeting.

26.     This allegation is a mere pleading of evidence, and as such violates the requirement of Rule 8(a)(2) that the Complaint contain "a short and plain statement of the claim ." It is, for this reason, denied.

27.     Deny.

28.     Deny.

## COUNT I

29.     Defendants re-allege paragraphs 1 through 28 of this Answer and the same are incorporated hereafter by reference.

30.     Admit that the parties signed Exhibit A to the Complaint on or about August 12, 2008.  That document speaks for itself and for that reason all other allegations of paragraph 31 are denied.

31 - 32.     Denied.  Exhibit A to the Complaint speaks for itself.

33.     Denied.  Exhibit B to the Complaint speaks for itself.

34.     Admit.

35.     Deny.

36.     Denied.  Exhibit A to the Complaint speaks for itself.

37.     Denied.  Exhibit C to the Complaint speaks for itself.

38.     Admit.

39 - 42.     Deny.

## COUNT II

43.     Defendants re-allege paragraphs 1 through 42 of this Answer and the same are incorporated hereafter by reference.

44.     Admit

45 – 57.     Deny.

## COUNT III

58.     Defendants re-allege paragraphs 1 through 57 of this Answer and the same are incorporated hereafter by reference.

59 – 77.     Deny.

## COUNT IV

78.     Defendants re-allege paragraphs 1 through 77 of this Answer and the same are incorporated hereafter by reference.

79 – 84. Deny.

## AFFIRMATIVE DEFENSES

**Failure to Plead fraud and deceit.**  The Complaint fails to comply with the requirement of Rule 9 of the Federal Rules of Civil Procedure to "state with particularity the circumstances constituting fraud."

**Lack of Jurisdiction.**  This court does not have *in personam* jurisdiction of the defendants.

**Duplicative claims.**  The claim of deceit is duplicative of the claim of fraudulent misrepresentation.

### CERTIFICATE OF SERVICE

I hereby certify that on 8/13/2010, a copy of the foregoing document was served upon each *pro se* party or attorney whose name appears below by
___handing it to the attorney or *pro se* party or by leaving it at the attorney's or *pro se* party's office with a clerk or other person in charge thereof or in a conspicuous place therein
___mailing it by first class mail to the attorney's or *pro se* party's last known address
_X_via the ECF system in accordance with LR 5.1A

_____*JMayne*_____
Server

BIKAKIS, MAYNE, ARNESON
HINDMAN & HISEY

BY:___*JMayne*___
John D. Mayne
300 Pioneer Bank Building
701 Pierce Street
P.O. Box 1678
Sioux City, Iowa  51102-1678
(712) 277-1434
(712) 255-8049 (fax)
jmayne@maynelaw.com

ATTORNEYS FOR DEFENDANTS

COPIES TO:

David L. Nadolski [dnadolski@lynnjackson.com]
Amy L. Arndt  [aarndt@lynnjackson.com]
PO Box 2700
Sioux Falls, SD 57101-2700