UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

JUN 1 5 2011

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| SUPERIOR COMPOSITE STRUCTURES, LLC, | * * * | CIV. 10-4066 |
| Plaintiff, | * * | |
| vs. | * * | OPINION AND ORDER |
| ABERSHAM COMMERCIAL SERVICES, LTD. and MALCOLM PARRISH, | * * * * * | |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is Superior's motion to compel Malcolm Parrish to provide Rule 26(a)(1) disclosures.[1]

## BACKGROUND

Malcolm Parrish, the person with whom Superior communicated, lives in England.[2] Abersham had a Wisconsin address but, as explained later, Abersham is in default for not answering Superior's complaint and Abersham has abandoned its Wisconsin address without leaving a forwarding address.

---

[1]Doc. 33.

[2]Doc. 1 and attachments.

Superior agreed to purchase a turn key Ambiente Housing Plant from Abersham and Parrish and locate it in South Dakota.[3]  Abersham and Parrish agreed to purchase a number of finished modular houses from Superior after the Ambiente Housing Plant became operational.[4]  Superior began start up activities for the Ambiente Housing Plant in South Dakota, e.g. securing governmental support, site selection and finding lenders and investors.[5]  On August 12, 2008, the parties reached an Agreement in Principal (sic).[6]  The agreement provided that Superior would pay defendants $250,000.[7]  Later Superior paid defendants an additional $100,000.[8]

Superior experienced difficulty contacting Parrish.[9]  The deal began to fall apart.[10]  On February 3, 2010, Superior demanded the return of its $350,000.[11]  Defendants told Superior that it would not be allowed to operate a factory, but that Superior could be a re-seller.  Superior wanted the agreed upon factory and was not interested in being a reseller.  Superior sued Abersham and Parrish on June 14, 2010, claiming breach of contract and also alleging various tort theories.[12]  On

---

[3]Doc. 1.

[4]Doc. 1.

[5]Doc. 1, ¶ 10-15.

[6]Doc. 1, ¶ 16.

[7]Doc. 1, ¶ 16.

[8]Doc. 1, ¶ 21.

[9]Doc. 1, ¶ 23-25..

[10]Doc. 1-2 through 6.

[11]Doc. 1, ¶ 27.

[12]Doc. 1.

August 13, 2010, defendants filed their Answer.[13] On December 1, 2010, counsel for the defendants moved to withdraw alleging that their clients "will not assist in the preparation of their case or comply with reasonable requests for retainers."[14] On January 4, 2011, the motion to withdraw was denied without prejudice because Abersham as a limited liability company would be in default if the motion were granted.[15] Defendants were allowed until February 4, 2011, to substitute counsel.[16] Because the Order was not forwarded to defendants until January 17, 2011, defendants were allowed until February 22, 2011, to substitute counsel.[17] On March 9, 2011, after the deadline had already passed, another Order extending the deadline to substitute counsel was filed which allowed defendants until March 21, 2011, to substitute counsel.[18] On the last day Malcolm Parrish noticed his appearance Pro Se.[19] On April 21, 2011, defense counsel's motion to withdraw without substitution of new counsel was granted.[20] On April 29, 2011, the Clerk of Court was directed to enter default judgment against Abersham.[21] A hearing will be held on July 11, 2011, "to determine the amount of damages to which plaintiff is entitled and the amount of money judgment to be entered against defendant Abersham Commercial Services."[22]

---

[13]Doc. 10.

[14]Doc. 11.

[15]Doc. 12.

[16]Doc. 12.

[17]Doc. 14.

[18]Doc. 22.

[19]Doc. 23.

[20]Doc. 29.

[21]Doc. 32. Judge Schreier explained that "[a]fter two extensions of the deadline to secure counsel, Abersham failed to secure counsel. Parrish entered a pro se appearance."

[22]Doc. 40.

On May 31, 2011, the Clerk of Court mailed by U.S. Postal Service the Order scheduling the July 11 hearing to Abersham and Malcolm Parrish.[23]  On June 13, 2011, the mail to Abersham was returned to the Clerk of Court.[24]  The envelope was marked in handwriting "return to sender [next line] not at this address."[25]  The envelope was also marked in typing "attempted - not known unable to forward."[26]  Also on June 13, 2011, the Order referring this motion to the magistrate judge was mailed by U.S. Postal Service to Malcolm Parrish.[27]  Both Superior's Certificate of Service and the Clerk of Court's mailing address for Malcolm Parrish are the same: Redwing Farm, Howletts Loke, Salhouse, Norfolk, NR 13 6EY England.[28]  Superior mailed by first class mail a copy of its motion to compel and supporting affidavit to Malcolm Parrish on May 4, 2011.[29]  Superior did not file a supporting brief.  Parrish has not responded to Superior's motion and affidavit.  Parrish has not filed Rule 26(a) initial disclosures.

## ANALYSIS

This District's Local Rules require a moving party to file a supporting brief "with every motion raising a question of law."[30]  In this case the dispute is not about governing law.  The dispute, if any there is, relates to a single fact, i.e. the failure of the defense to provide initial disclosures for

---

[23]Unnumbered Doc. entry 05/31/2011.

[24]Doc. 42.

[25]Doc. 42.

[26]Doc. 42.

[27]Unnumbered Doc. entry 06/13/11.

[28]Doc. 34 and the case caption showing the address for Malcolm Parrish.

[29]Doc. 34.

[30]L.R. 7.1B.

almost one year after they should have been provided.[31]  The lawsuit was commenced on June 14,

2010.  Defense counsel moved to withdraw because, together with their failure to pay their lawyer,

the defendants did not cooperate with their lawyer to make initial disclosures in compliance with the

Federal Rules of Civil Procedure.  Their failure to participate has become a pattern.  Before the

lawsuit they failed to respond to Superior's attempts to communicate.  After the lawsuit they failed

to cooperate with their own lawyer.  Initial disclosures are not only fundamental, but are also a

requirement in federal litigation.  When Judge Schreier allowed the defense time and extra time to

find substitute counsel, Abersham did not find counsel.  On the last day to retain substitute counsel

Parrish said that he would represent himself.  Default judgment has been entered against Abersham

because it has not responded to Superior's complaint.  Superior has tried without success to get

Parrish to provide initial disclosures, going so far as to give its own initial disclosures to a third party

(a court reporter) with instructions to give them to Parrish as soon as Parrish gives his initial

disclosures to her.  Parrish has not given his initial disclosures to the third party as the parties agreed

to do.  Abersham abandoned its Wisconsin address without leaving a forwarding address.  Superior

mailed its motion to compel to Parrish at his address in England on May 4, 2011.  Parrish has not

responded to Superior's motion and affidavit.  Parrish has not made initial disclosures.

Superior's motion is in compliance with FED. R. CIV. P. 37(a)(1)-(3A).  Under FED. R. CIV.

P. 37(a)(5):

> . . . the court must, after giving an opportunity to be heard, require the party or
> deponent whose conduct necessitated the motion [Parrish], . . . to pay the movant's
> [Superior] reasonable expenses incurred in making the motion, including attorney's
> fees. But the court must not order this payment if:
>
> > (i) the movant [Superior] filed the motion before attempting in good faith to
> > obtain the disclosure . . . without court action;

---

[31]FED. R. CIV. P. 26(a)(1)(A), (C), (D) & (E).

(ii) the opposing party's [Parrish] nondisclosure, . . . was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Superior certified that it attempted in good faith to obtain initial disclosures from Parrish without court action and the facts support their certification. Parrish's failure to make initial disclosures was not justified, i.e. there is absolutely nothing in the record to suggest that Parrish's failure to make Rule 26(a) initial disclosures was justified. Other circumstances do not make an award of expenses unjust. An award of expenses and attorneys' fees under Rule 37(a)(5) is appropriate.

It is ORDERED that Superior's motion to compel (Doc. 33) is GRANTED. Parrish must make his Rule 26(a) initial disclosures not later than July 1, 2011. The failure to comply with this Order could cause one or more of the harsh consequences described in Rule 37(c)(1) and 37(b)(2)(i)-(vi) to follow.

It is FURTHER ORDERED that Superior must file its claim for expenses and attorney's fees not later than June 22, 2011, and that Parrish must file his objections not later than July 1, 2011.

It is FURTHER ORDERED that a hearing will be held to address Parrish's objections to Superior's claim for expenses and fees, or to address any other matter as a result of this Order, on **Monday, July 11, 2011, in Courtroom # 3 at 1:30 p.m.**

Dated this 15 day of June, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

6