UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR COMPOSITE STRUCTURES, LLC, | ) ) ) | Civ. 10-4066-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER |
| MALCOLM PARRISH, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, Superior Composite Structures, LLC, brought suit against defendant, Malcolm Parrish, who is proceeding pro se, and alleges breach of contract, negligent misrepresentation, fraudulent misrepresentation, and deceit causes of action. Superior Composite moves to deem admitted "Plaintiff's Requests for Admissions to Defendant Malcolm Parrish." Docket 45. Parrish moves to admit his late responses to Superior Composite's requests for admissions. Docket 73. Superior Composite resists. Docket 74. In addition, Superior Composite moves for summary judgment, Docket 58, which Parrish resists. Superior Composite's motion to deem admitted its requests for admissions is denied. Parrish's motion to admit his late responses is granted. Superior Composite's motion for summary judgment is denied.

## BACKGROUND

The pertinent facts to this order, in the light most favorable to Parrish, the nonmoving party on the summary judgment motion, are as follows:

Parrish is the chief executive officer for Abersham Commercial Services Ltd, which is involved in producing modular housing panels out of high-tech materials made from recycled glass. Superior Composite, through its managers Lee Celske and Rick Ostergaard, expressed interest in selling these houses. Abersham stated that it could provide a "turn key" Ambiente Housing Plant, which could produce 500 modular houses a year.

Superior Composite and Parrish entered into a series of written agreements, including an "Agreement in Principal" dated August 12, 2008. Docket 1-1. Superior Composite agreed to purchase an Ambiente Housing Plant from Abersham with a production capacity of 500 houses per year for $9 million, with $500,000 due at the end of year one, $500,000 due at the end of year two, and the remaining $8 million paid in cash in progress payments "defined in the Plant Design Build contract." Docket 1-1 at 1. The August 12 agreement included phases for building the Ambiente Plant and stated that Abersham would receive a technology licensing fee in the amount of 8 percent of each house's sale price. In return, Superior Composite would receive an exclusive territory within the United States to sell the houses. Superior Composite paid an initial $250,000 deposit to Abersham.

On June 9, 2008, Abersham provided a firm order to buy 100,000 square feet of housing from Superior Composite, reserved the right to purchase another 100,000 square feet of housing, and stated that Abersham wanted to receive the houses at a rate of ten per month. Docket 1-2. Abersham stated that firm dates and costs for these houses would be determined at a later date.

On April 2, 2009, Parrish wrote to Rick Ostergaard and Lee Celske, two of Superior Composite's executive officers, and stated that Superior Composite needed "to increase the deposit by 100k." Docket 1-3. Superior Composite paid an additional $100,000 to Abersham. The contractual relationship eventually disintegrated, and Superior Composite brought this action against Abersham and Parrish on June 14, 2010.

After Abersham's counsel withdrew and the company was unable to secure substitute counsel, the clerk of court entered default against Abersham because corporations cannot proceed pro se in court. Dockets 29, 32. After holding a hearing on damages, where Abersham did not appear, the court granted Superior Composite's motion for default judgment against Abersham in the amount of $849,895.98. Docket 57. Only Parrish remains as a defendant in this action.

On May 19, 2011, Superior Composite served its requests for admissions on Parrish. In its requests for admissions, Superior Composite informed Parrish that if he failed to answer, the requests for admissions would be deemed admitted. Docket 46-1 at 1. Four months later, on September 13,

2011, Parrish submitted his proposed responses to the requests for admissions.

## DISCUSSION

### I. Requests for Admissions

Federal Rule of Civil Procedure 36(a)(3) controls when a request for admissions is deemed admitted:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

If a party does not timely respond to a request for admissions, the propounding party may move the court for an order deeming the admissions admitted. *Am. Petro, Inc. v. Shurtleff*, 159 F.R.D. 35, 36 (D. Minn. 1994) (citations omitted). The district court has broad discretion in discovery matters, including whether to permit the filing of answers to responses for admissions that otherwise are untimely. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983).

If a party files a late reply to a request for admissions, he is effectively moving to withdraw the admissions under Rule 36(b). *Quasius v. Schwan Food Co.*, 596 F.3d 947, 952 (8th Cir. 2010). While Parrish did not explicitly move under Federal Rule of Civil Procedure 36(b), the court will construe his filing as a Rule 36(b) motion. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir.

4

2010) (reasoning that courts should be "[m]indful of the need to construe pro se motions liberally. . . ." (citing *Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009))).

Rule 36(b) employs a two-factor test in deciding whether late responses to a request for admissions should be allowed: "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *see also Gutting*, 710 F.2d at 1313 (requiring courts to engage in the Rule 36(b) analysis if a party files a late response to a request for admissions).

### A. Merits

Under the first factor, the court may permit withdrawal "if it would promote the presentation of the merits of the action . . . ." Fed. R. Civ. P. 36(b). In order to grant a motion to admit late responses, "the mistaken admission" must " 'practically eliminate any presentation of the merits of the case.' " *Furminator, Inc. v. Munchkin, Inc.*, N0. 08-cv-00367, 2009 WL 1140117, at *2 (E.D. Mo. Apr. 28, 2009) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

In his responses, Parrish disputes the reasons behind the disintegration of the parties' contractual relationship. Superior Composite asserts that the contractual relationship fell apart because Parrish could not complete his side

of the bargain. Parrish, on the other hand, asserts that the relationship fell apart because Superior Composite could not secure the necessary financing. *See* Docket 73 at ¶¶ 4, 5, 11, 13, 20, 26, 35, 40, 50, 52, 53, 59, 60, 73, 76-79, 82, 86, and 96.

Superior Composite claims that the parties reached an oral agreement at a December 13, 2009, meeting. Docket 46-1 at ¶ 24. Superior Composite provided a written memorandum dated December 14, 2009, memorializing the terms allegedly reached at the meeting. Docket 1-4. Parrish disputes that the parties reached an oral agreement in December of 2009. Docket 73 at ¶ 24.

Parrish also disputes Superior Composite's claim for damages. As damages in this action, Superior Composite requests, among other items, the return of the $350,000 that it paid to Parrish under the parties' agreement. Superior Composite maintains that the $350,000 was for a down payment on the contract that would have been subtracted from the total purchase price. Docket 46-1 at ¶ 80. Parrish responds that the $350,000 was for a feasibility determination and because Superior Composite failed to uphold its end of the agreement, it is not entitled to a refund of the $350,000: "Had the Plaintiff acquired the necessary funding, then the $350,000.00 would have reduced the final price as the feasibility was part of the total cost. However, since the Plaintiff was unable to uphold their end of the Agreement by securing financing, the credit no longer applies." Docket 73 at ¶ 80.

Parrish's responses to Superior Composite's requests for admissions, including why the parties' contractual relationship collapsed, whether an oral agreement was reached, and whether Superior Composite is entitled to the $350,000 or any other damages, would aid in determining the merits of this action. Thus, factor one weighs in favor of granting Parrish's motion.

### B. Prejudice

Prong two of the Rule 36(b) test requires a showing of prejudice to the nonmoving party. Fed. R. Civ. P. 36(b). The party who obtains the mistaken admissions has the burden to prove that granting a Rule 36(b) motion would prejudice him. *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (citations omitted). "The prejudice contemplated by [Rule 36(b)] relates to the difficulty a party may face in proving its case because of a sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting*, 710 F.2d at 1314 (citations omitted).

Superior Composite argues that it will be prejudiced by the late responses because it prepared its summary judgment motion based on Parrish's non-responses to its requests for admissions. Even though Parrish moved to admit his late responses almost four months after Superior Composite served its requests for admissions, "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Prusia*, 18 F.3d at 641 (citations omitted). Superior Composite also argues that it will be prejudiced by the late responses because the discovery

deadlines have already passed. But if Superior Composite believes that discovery is necessary, it can move to modify the court's Rule 16 scheduling order.[1] Because Superior Composite has not shown prejudice, factor two weighs in favor of granting Parrish's motion. Thus, Parrish's motion to admit his late responses is granted, and Superior Composite's motion to deem admitted its requests for admissions is denied.

## II.     Summary Judgment Motion

### A.     Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Only disputes over facts that might affect the outcome of the case will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court views the facts "in the

---

[1] A rule 16 scheduling order can be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Given the unique circumstances of this case, the court would find good cause to modify the scheduling order.

8

light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal citation omitted). The nonmoving party also receives "the benefit of all reasonable inferences to be drawn from the underlying facts" in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

**B.  Discussion**

Superior Composite must meet three elements to establish a breach of contract claim: "(1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages." *Gul v. Cntr. for Family Med.*, 762 N.W.2d 629, 633 (S.D. 2009) (citing *Guthmiller v. Deloitte & Touche, LLP*, 699 N.W.2d 493, 498 (S.D. 2005)). Parrish alleges that he did not breach the contract because Superior Composite failed to meet its end of the agreement by securing the necessary financing. He also alleges that the parties never reached an oral agreement. Furthermore, Superior Composite seeks damages resulting from the breach of the contract "including but not limited to" the $350,000. Docket 1 at ¶ 42. Superior Composite's entitlement to the $350,000, however, is disputed. Because genuine issues of material fact remain on the breach of contract claim, summary judgment is denied on that claim.

Superior Composite also alleges that Parrish provided false information to it during the course of their business relationship and asserts negligent misrepresentation, fraudulent misrepresentation, and deceit causes of action.

A negligent misrepresentation occurs when a party makes (1) a misrepresentation; (2) without reasonable grounds for believing the statement to be true; (3) with the intent to induce a particular action by the other party; (4) the other party changes its position with actual and justifiable reliance on the statement; and (5) the other party suffers damages as a result. *Ehresmann v. Muth*, 757 N.W.2d 402, 406 (S.D. 2008) (citing *Fisher v. Kahler*, 641 N.W.2d 122, 126 (S.D. 2002)). In order to prove a fraudulent misrepresentation claim, Superior Composite must show that Parrish (1) made a representation as a statement of fact; (2) that representation is untrue; (3) Parrish "intentionally recklessly made" that statement; (4) Parrish intended "to deceive for the purpose of inducing the other party to act upon it;" (5) Superior Composite relied on the untrue statement of fact; and (6) that reliance resulted in injury or damage. *N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs. Inc.*, 751 N.W.2d 710, 714 (S.D. 2008) (internal quotation omitted). In South Dakota, deceit occurs in one, or more, of four scenarios:

> (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) A promise made without any intention of performing.

SDCL 20-10-2.

In order for Superior Composite to succeed on any of these three causes of action, Parrish must have made at least one false statement. Superior

10

Composite asserts, among other allegations, that Parrish "supplied false information to Superior Composite regarding its ability to provide a 'turn key' Ambiente Housing Plant with a production capacity of 500 houses per year." Docket 60 at 9. But in his responses to the requests for admissions, Parrish repeatedly states that he can provide the "turn key," but he has not done so because Superior Composite is unable to pay for it. If a fact-finder believed Parrish's versions of the facts, then Superior Composite's claims would fail. Because there are genuine disputes of material facts, summary judgment is denied on the negligent misrepresentation, fraudulent misrepresentation, and deceit causes of action.

## CONCLUSION

Superior Composite moves to deem its requests for admissions admitted. In response, Parrish moves to submit his responses late. Because Parrish's responses would aid in determining this case's merits and Superior Composite has not shown prejudice from the late responses, Parrish's motion is granted and Superior Composite's motion is denied. Superior Composite's motion for summary judgment is also denied because genuine issues of material fact remain on all claims. Accordingly, it is

ORDERED that Superior Composite's motion to deem admitted "Plaintiff's Requests for Admissions to Defendant Malcolm Parrish" (Docket 45) is denied.

IT IS FURTHER ORDERED that Parrish's motion to admit his late responses to Superior Composite's requests for admissions (Docket 73) is granted.

IT IS FURTHER ORDERED that Superior Composite's motion for summary judgment (Docket 58) is denied.

Dated November 10, 2011.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>CHIEF JUDGE