UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR COMPOSITE STRUCTURES, LLC, | ) ) ) | Civ. 10-4066-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS |
| MALCOLM PARRISH, | ) ) | |
| Defendant. | ) | |

Plaintiff, Superior Composite Structures, LLC, brought suit against defendant, Malcolm Parrish, who is proceeding pro se, alleging causes of action for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and deceit. Superior Composite moves to have Parrish sanctioned for his failing to comply with this court's March 14, 2012, order to fully answer the interrogatories and requests for production of documents. Parrish moves for reconsideration of the March 14, 2012, order.

## BACKGROUND

The pertinent facts to this order are as follows:

Parrish is the chief executive officer for Abersham Commercial Services, Ltd., which is involved in producing modular housing panels out of high-tech materials made from recycled glass. Superior Composite, through its managers Lee Celske and Rick Ostergaard, expressed interest in selling these houses.

Parrish stated that he, through Abersham, could provide a "turn key" Ambiente Housing Plant, which could produce 500 modular houses a year.

Superior Composite and Parrish entered into a series of written agreements, including an "Agreement in Principal" dated August 12, 2008. Docket 1-1. Superior Composite agreed to purchase an Ambiente Housing Plant from Abersham with a production capacity of 500 houses per year for $9 million, with $500,000 due at the end of year one, $500,000 due at the end of year two, and the remaining $8 million paid in cash in progress payments "defined in the Plant Design Build contract." Docket 1-1 at 1. The August 12, 2008, agreement included phases for building the Ambiente Plant and stated that Abersham would receive a technology licensing fee in the amount of 8 percent of each house's sale price. In return, Superior Composite would receive an exclusive territory within the United States to sell the houses. Superior Composite paid an initial $250,000 deposit to Abersham.

On June 9, 2008, Abersham provided a firm order to buy 100,000 square feet of housing from Superior Composite, reserved the right to purchase another 100,000 square feet of housing, and stated that Abersham wanted to receive the houses at a rate of ten per month. Docket 1-2. Abersham stated that firm dates and costs for these houses would be determined at a later date.

On April 2, 2009, Parrish wrote to Ostergaard and Celske and stated that Superior Composite needed "to increase the deposit by 100k." Docket 1-3. Superior Composite paid an additional $100,000 to Abersham. The contractual

relationship eventually disintegrated, and Superior Composite brought this action against Abersham and Parrish on June 14, 2010.

In the early stages of this lawsuit, Abersham and Parrish's first counsel withdrew because "despite repeated attempts by [counsel] to obtain defendants' compliance with Rule 26(a) . . . and despite the undeniable fact that a significant amount of such information exists, defendants have failed to comply with their disclosure obligation." Docket 11 at 1. Abersham was unable to secure substitute counsel, which led the clerk of court to enter a default against it because corporations cannot proceed pro se in court. Dockets 29, 32. After holding a hearing on damages, where no representative of Abersham appeared, the court granted Superior Composite's motion for default judgment against Abersham in the amount of $849,895.98. Docket 57. Only Parrish remains as a defendant in this action.

All prediscovery disclosures required by Rule 26(a) were originally due on February 28, 2011. Docket 33-1 at 1. Superior Composite, however, did not require Parrish to meet this deadline because of the aforementioned attorney problems. After failing to find counsel, Parrish represented to the court on March 21, 2011, that he would be proceeding pro se. Superior Composite then requested an April 20 deadline for the prediscovery disclosures. Parrish emailed Superior Composite two days before the deadline and asked for a seven-day extension, which Superior Composite granted. Then, on April 27, 2011, Parrish emailed Superior Composite and informed them that he was

having problems with the court's electronic filing system and that was the reason for not providing the prediscovery disclosures. Superior Composite responded to the email by reminding Parrish that discovery did not need to be filed with the court but instead needed to be given to the agreed upon third-party intermediary. Docket 33-1 at 2. Parrish did not respond, and Superior Composite brought a motion to compel discovery on May 4, 2011. Docket 33. Superior Composite's motion was granted by United States Magistrate Judge John Simko on June 15, 2011, after Parrish failed to respond to the motion. Docket 43 at 4.

Superior Composite served its requests for admissions on Parrish on May 19, 2011. In its requests for admissions, Superior Composite informed Parrish that the requests for admissions would be deemed admitted if he failed to answer. Docket 46-1 at 1. After not receiving a response from Parrish within the allotted time, Superior Composite brought a motion to deem the requests for admissions admitted on June 29, 2011. Docket 45. Parrish finally provided his response to Superior Composite's requests for admissions on September 13, 2011, and asked the court to admit the late documents, which the court did. Dockets 73; 81.

Superior Composite sent Parrish a set of interrogatories and requests for production of documents (RFPs) on December 5, 2011. On December 8, 2011, Parrish's second set of attorneys filed a notice of appearance. Docket 84. Superior Composite sent Parrish's newly acquired attorneys copies of the

interrogatories and RFPs on December 27, 2011. Docket 89-1 at 1. On January 6, 2012, counsel for Parrish requested and was given a two-week extension to answer the interrogatories and RFPs, which were originally due on January 9, 2012. Counsel for Parrish requested an additional extension on January 23, 2012. Superior Composite agreed to a January 26 deadline. Superior Composite finally received Parrish's answers to the interrogatories on January 26, and it received Parrish's responses to the RFPs on January 30. Docket 89-1 at 1-2.

After reviewing Parrish's responses to the interrogatories and RFPs, Superior Composite sent a letter to Parrish's counsel on February 7, 2012, indicating that the responses were deficient and asking for complete answers. Docket 89-1 at 2. Parrish's counsel responded two days later and indicated that they would respond within a "reasonable amount of time." *Id.* With no word from Parrish or his attorneys, Superior Composite filed a motion to compel full answers to its interrogatories and RFPs on February 14, 2012. Docket 89. On March 14, 2012, after Parrish failed to respond to the motion, the court entered an order to compel requiring Parrish to fully answer the interrogatories and RFPs by April 13, 2012. Docket 91.

On March 16, 2012, Parrish's attorneys withdrew, with permission from the court, because Parrish was unable to pay them. Dockets 92-95. Parrish then entered a response to the court's March 14 order on April 13, 2012, which included additional answers to the interrogatories, but no additional responses

5

to the RFPs. Docket 101. After reviewing Parrish's additional answers, Superior Composite filed its current motion on April 24, 2012, asking the court to sanction Parrish for failing to comply with the March 14 order. Parrish thereafter filed his motion for reconsideration on May 8, 2012.

## DISCUSSION

To impose sanctions under Federal Rule of Civil Procedure 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). The court's March 14 order compelled Parrish to fully respond to Superior Composite's interrogatories and RFPs.

Parrish moves this court to reconsider its March 14 order. Parrish relies on Rule 60(b)(1) in support of his motion. *See Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) (identifying that the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions when directed at non-final orders"). Under Rule 60(b)(1), "the court may relieve a party . . . from a final judgment, order, or proceeding" when the party demonstrates "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Parrish argues that he made a mistake by overlooking Superior Composite's motion to compel, which led to the court's March 14 order by default. Docket 113 at 3. The court is not convinced that Parrish's non-response to Superior Composite's motion was a genuine mistake when viewed

6

alongside his other actions before the court during this litigation. Nonetheless, the court will assess his objections and responses to the several interrogatories that Superior Composite has identified as being deficient in its motion for sanctions to see if the March 14 order would have been different had Parrish responded to Superior Composite's motion.

Before analyzing the individual interrogatories, a few standard principles of discovery require recitation. The scope of discovery is governed by Rule 26, and Rule 26 is extremely broad. *See* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2007 at 119-120 (3d ed. 2010) (hereinafter "Wright & Miller"). The reason for broad discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947).

Rule 26 allows discovery of any matter relevant to the claim or defense of any party. Wright & Miller, § 2007 at 119. Information is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive." *Signature Development, LLC v. Mid-Continent Cas. Co.*, No. Civ. 11-5019-JLV, 2012 WL 4321322, at *7 (D.S.D. Sept. 18, 2012). "The articulation of mere conclusory objections . . . is insufficient to carry the

resisting party's burden," and, instead, the party must make a "specific showing of reasons *why* the relevant discovery should not be had." *Id.*

Keeping these principles in mind, the court will now analyze the interrogatories in question.

**Interrogatories 11 & 27**[1]

Interrogatory 11 asks Parrish to identify "any and all facts that support [his] denial of the allegations set forth in the Complaint," including the assertions made in previous affidavits, responses, and the answer. Docket 101 at 11.

Parrish's objection argues that the interrogatory is "vague, ambiguous and unintelligible in that it requires facts that support facts." *Id.* Parrish drafted and filed the documents that contain his denials of the allegations set forth in the complaint. Interrogatory 11 merely asks Parrish to explain the facts, and the source of those facts, underlying the denials.

Further, many of Parrish's assertions made in the documents referenced in the interrogatory are conclusions or disputed facts that Superior Composite believes require additional facts. Parrish implicitly argues through his objection that facts cannot support other facts when he claims that the interrogatory is "unintelligible in that it requires facts that support facts." This argument is

---

[1] Interrogatories 11 and 27 are similar and, thus, will be discussed in sequence.

neither persuasive nor intelligible. Thus, Parrish's objections to Interrogatory 11 lack merit.

Parrish answers Interrogatory 11 by referencing the very facts that he was asked to support. Docket 101 at 12. Such a circular response is not an adequate answer.

Interrogatory 27 asks Parrish to identify "any and all facts that support your claims made in your pleadings" including his claims that:

(a)    He can provide a "turn key" Ambiente Housing Plant which has the capability of producing 500 modular houses per year as well as sell the licensing rights to certain technology and provide any exclusive sales and production territory.

(b)    He has the ability to perform his obligations in the "Agreement in Principal."

(c)    He can provide layouts, design and equipment for a physical plant and a facility to manufacture the recycled glass modular panels.

(d)    He would have purchased 100 (or more) homes from Superior Composite Structures once the plant was operational.

(e)    Superior Composite Structures was unable to pay for the "turn key" Ambiente Housing Plant.

(f)    He provided additional video information, wall samples, and other information to Superior Composite Structures in an effort to help it provide money for the factory.

(g)    If financing was in place, a factory would have been built.

(h)    The $250,000 paid to him was for feasibility rather than a down payment on equipment.

Docket 101 at 23-24.

Parrish objects on the grounds that the interrogatory is vague, it is not reasonably calculated to lead to the discovery of admissible evidence, and it is compound and based on assumptions of fact that are not true. There is not a vagueness problem because Superior Composite provided specific examples of the assertions that Parrish has put forth. Parrish should have provided facts that supported those assertions. Further, because of the nature of the suit between the parties, the court finds that all of the assertions listed above are reasonably calculated to lead to the discovery of admissible evidence because they all deal with the business relationship, and the contracts formed because of said relationship, that existed between the parties.

Lastly, the compound nature of the interrogatory does not pose a problem. The parties agreed to a maximum of fifty interrogatories in their scheduling order. Docket 90 at 1. Of the twenty-seven interrogatories, Parrish objected to two of them, Interrogatories 21 and 27, based upon the argument that they are compound. If Superior Composite would have separated each distinct question asked in those two interrogatories, the total number of interrogatories would still be less than fifty. Thus, the court finds that Parrish's objections to Interrogatory 27 lack merit.

Parrish's answers to Interrogatory 27 following his objections are limited both in quantity and substance. Specifically with regard to subparts (a), (b), and (c) and the assertions therein, Parrish answers the interrogatory by stating "his 40+ years of experience in engineering and manufacturing, his intimate

knowledge of the product and the process, and that he is confident in his abilities" are the facts that support such assertions. But these responses do little in terms of providing facts to support the assertions in (a), (b), and (c). In his brief Parrish claims that he has "proved [these assertions] statistically and mathematically." Docket 107-1 at 4. Parrish, therefore, admits that he is aware of certain facts, *i.e.*, statistics and mathematics, that support the assertions, but he failed to provide the statistics and mathematics in his response. Thus, the court finds that Parrish's answers to Interrogatory 27 are inadequate.

**Interrogatory 12**

Interrogatory 12 asks Parrish to identify "any and all facts regarding the formation and operation" of Abersham since its inception, including "the date on which and location in which the entity was formed; the shareholders, owners or members since inception; the officers, directors or managers since inception; the person who is the custodian of its company minutes or company records; the person who is the custodian of its financial, accounting, or bookkeeping records; and all countries, states, territories in which it has registered to do business." Docket 101 at 12.

Parrish objects, arguing that the interrogatory is "vague and is not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Part of Superior Composite's claim is that Abersham's corporate veil should be pierced and Parrish should therefore be liable for Abersham's damages. Thus, the information sought in Interrogatory 12, namely the organization and

11

operations of Abersham, will likely lead to the discovery of admissible evidence. Parrish's objection lacks merit.

In addition, Parrish failed to fully answer the interrogatory. He did not provide the names of the shareholders, owners, or members since inception nor did he provide the name of the person who is the custodian of company minutes or company records, unless his statement that he was "in charge of the day to day operations and bookkeeping" was meant to imply that he was the custodian of company records. Parrish failed to fully answer Interrogatory 12.

**Interrogatories 13 & 14**

Interrogatory 13 asks Parrish to identify "any and all persons who paid money to you or any entities in which you have an ownership interest regarding the Ambiente housing system in the last 10 years." Docket 101 at 13.

Parrish objects, arguing that the interrogatory will not lead to admissible evidence and that it "requires the disclosure of non-discoverable information under the doctrine of Financial Disclosure Privilege and further because it invades the financial privacy interests of third parties who have not received notice of this interrogatory or otherwise agreed to release the requested information." *Id.* Responses to the interrogatory are relevant considering Superior Composite's claims of negligent misrepresentation, fraudulent misrepresentation, and deceit. Whether Parrish received money from other individuals or entities may help determine whether certain representations

made by Parrish and/or Abersham were negligent, fraudulent, or deceitful. Further, the court is not persuaded by Parrish's "Financial Disclosure Privilege" argument. Parrish has not provided any legal authority in support of his argument nor has he filed for a protective order. Thus, Parrish's objections are unfounded.

Parrish failed to provide any substantive response to Interrogatory 13 even after this court's March 14 order compelling him to do so. The only addition to Parrish's response was a further explanation of his objection. Thus, Parrish's answer to Interrogatory 13 is inadequate.

Interrogatory 14 is a follow-up question based on Interrogatory 13, asking Parrish to identify detailed information regarding any transactions he or Abersham had with other individuals regarding the Ambiente Housing System. Parrish responded only with "Not applicable." Docket 101 at 14. Because Parrish failed to answer Interrogatory 13, the court finds that Parrish failed to answer this interrogatory.

**Interrogatory 15**

Interrogatory 15 asks Parrish to identify "any and all patents that are owned (or have even been owned) by you or any entities in which you have (or had) an ownership interest, including (but not limited to) whether you (or any entity in which you have (or had) an ownership interest) own or ever owned the patent on the technology for the bead plant as represented on the Ambiente homes website." Docket 101 at 14.

Parrish objects, arguing that the interrogatory is vague and ambiguous. The court overrules Parrish's objection on the ground that the interrogatory is quite clear; it asks Parrish to identify any patents that he has ever owned.

The answer Parrish provides is insufficient. It reads as follows: "Malcolm Parrish, nor any entity in which he had an 'ownership interest' in, owned any patents 'on the technology' for the 'bead plant' as 'represented' on the Ambiente homes website." *Id.* at 14-15. First, the response is unintelligible. Second, Parrish attempts to limit his response to a small group of possible patents whereas the question clearly asks him to identify "any and all" patents he has ever owned. For these reasons, Parrish's answer to Interrogatory 15 is insufficient.

**Interrogatory 17**

Interrogatory 17 asks Parrish to "identify any and all facts regarding crimes that you have been convicted of (whether in the United States or the United Kingdom), including (without limitation) the crime convicted of and the punishment received for each such crime (including (but not limited to) the length of incarceration for each crime)." Docket 101 at 15.

Parrish objects, arguing that the interrogatory "is overbroad and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 16. Specifically, Parrish argues that "[u]nder Federal Rule of Evidence 609(b), it limits the time to the prior 10 years. Propounding Party's question appears to include a duration of time not offered under Rule 609, therefore, Defendant

maintains the objection that the interrogatory is overbroad." *Id.* Rule 609 provides guidance on when evidence is admissible, not discoverable. Because evidence "need not be admissible in court to be discoverable," Parrish's objection is overruled. *Gov't of Ghana v. ProEnergy Serv., LLC*, 677 F.3d 340, 345 (8th Cir. 2012).

Assuming his objection was indeed genuine, Parrish should have provided an answer for the previous ten years. But similar to his answers to other interrogatories, he failed to respond to the portion of the question to which he had no dispute.

**Interrogatory 18**

Interrogatory 18 asks Parrish to identify "each and every time you have been in the United States since January 1, 2011, and identify each and every time you plan to be in the United States between January 1, 2012 and May 31, 2012." Docket 101 at 16.

Parrish objects, arguing that the interrogatory is "overbroad and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Superior Composite argues that the information is relevant because it sheds light on Parrish's credibility as a witness. The court ordered Parrish to pay $386.37 to Superior Composite on August 1, 2011. Docket 64. On October 24, 2011, Parrish moved this court for an extension of time to pay the sum of $386.37 because he had "absolutely no means of satisfying the payment." Docket 79. Superior Composite argues that if Parrish traveled to the United

States during the time periods stated in the interrogatory, then he must have been able to pay the $386.37 owed, and, therefore, he misrepresented to this court the fact that he did not have such funds. Evidence is discoverable even if its sole purpose is to impeach a witness's anticipated testimony. *See Lyon v. Bankers Life & Cas. Co.*, No. Civ. 09-5070, 2011 WL 124629, at *6 (D.S.D. Jan. 14, 2011) ("A party seeking discovery is merely required to make a threshold showing of relevance[.]"). Therefore, Parrish's objection is overruled.

**Interrogatory 19**

Interrogatory 19 asks Parrish to identify certain facts about the Ambiente housing system factory in or near Waukesha, Wisconsin.

Parrish responded by answering three out of the five questions. The first non-response was because Parrish requested further clarification in terms of which "design build contract" Superior is referencing. Superior has since identified the contract, and Parrish is now claiming that the contract is confidential. Docket 107-1 at 5. Parrish argues that if he relays "information of a confidential nature to third parties without the consent or knowledge of the parties involved then [he] would be breaching said confidences and thereby potentially exposing [him]self to further litigation." Docket 113 at 4. Parrish has not indicated that he has attempted to get authorization from the third parties involved with the contract so that he can disclose the asked-for information. Further, Parrish has not moved this court for a protective order. Thus, Parrish's first objection is overruled.

The second non-response was to the interrogatory that asked Parrish to identify "[a]ny and all payments made to the Ambiente Housing Midwest, LLC or any Klumb family member." Docket 101 at 17. Parrish objects on the basis that he "is extremely uncomfortable with, and feels that it is inherently wrong to publicize, without their consent or knowledge, financial information regarding private third-party individuals, who are not a party to this matter." *Id.* at 17-18. Other than his feelings of uncomfortableness, Parrish has not given this court adequate reasons to sustain his objection. He has not indicated that there actually are confidentiality agreements in place, with the exception of the "design build contract." He has not indicated that third parties actually want the information withheld. He has not moved this court for a protective order. Instead, Parrish appears to be attempting to use the existence of tangentially related third parties in such a manner that will allow him to avoid disclosing discoverable information. The court is not persuaded and finds that Parrish's answer to Interrogatory 19 is inadequate.

**Interrogatory 20**

Interrogatory 20 asks Parrish to identify "any and all testing that has been performed with regard to the Ambiente housing system." Docket 101 at 18.

Parrish objects, arguing that the interrogatory is vague, ambiguous, and overly broad. The court disagrees. The "Ambiente housing system" is quite specific, especially since it is defined at the beginning of the interrogatories.

Docket 89-2 at 2. Thus, tests that have been performed with regard to the Ambiente housing system should be easily identifiable.

Further, Parrish states that some of the data and tests are available on a website and have been provided to Superior Composite during the course of their business relationship. If Superior Composite has already been provided with such tests, then Parrish can reference those tests in his answer. But as it stands now, Superior Composite does not know if it has been presented with every test performed regarding the Ambiente housing system.

Parrish also answers by stating that the Universities of Maine, Manitoba, Puerto Rico, and Texas have all evaluated the material. These are "in addition to evaluation[s] performed or commissioned by third parties, for which [Parrish] lacks detailed information but is generally aware have taken place." Docket 101 at 18. Parrish needs to identify the other evaluations that he admits he is aware of by identifying who performed the tests or through some other method. This response is similar to his response to Interrogatory 27; Parrish readily admits that he is knowledgeable of the information asked in the interrogatory, but he still refuses to provide an adequate response. Parrish's objection is overruled.

**Interrogatory 23**

Interrogatory 23 asks Parrish to identify, with regard to the glass bead component of the Ambiente housing system, "(a) whether it was installed in the Wisconsin factory and, if not, why it was not installed; (b) whether the bead

plant is included in the turn-key factory that you claim you are still able to provide; and (c) the cost of the equipment for the bead plant." Docket 101 at 20.

Parrish objects, arguing that the interrogatory will not lead to the discovery of admissible evidence "because it concerns facts unrelated to the dealings between [the parties]." *Id.* Superior Composite is claiming negligent misrepresentation, fraudulent misrepresentation, and deceit. Part of these claims are based on Parrish's alleged representation that there was a similar plant in the United States that was operational. *See, e.g.*, Docket 1 at 7. Thus, the interrogatory is reasonably calculated to lead to the discovery of admissible evidence.

Parrish's objection also relies on his "confidential information relating to a third party" argument that, under the circumstances and for the reasons stated prior, this court finds unpersuasive. Parrish's objections to Interrogatory 23 lack merit.

In terms of answering the interrogatory, Parrish provided an answer to (a). With regard to (b), Parrish stated that he needs "clarification as to which 'factory' Propounding Party is referring to." Docket 101 at 21. As is clear in the question, the "factory" that is in question is the factory that Parrish allegedly claims he can still provide. With regard to (c), Parrish stated that he needs "further information. Costs can vary depending on location of raw materials, market conditions, amount of bead required, and other factors." *Id.* This

answer is not sufficient. Parrish can provide estimates and identify them as such. Thus, Parrish's answer to Interrogatory 23 is insufficient.

**Interrogatory 25**

Interrogatory 25 asks Parrish to identify, from and after January 1, 2000, "any and all house orders that you or any of the companies in which you have an ownership interest have provided to any person and for each such house order identify the developer or purchaser." Docket 101 at 21.

Parrish objects, arguing that the interrogatory is vague, ambiguous, and seeks confidential information from third parties. There is nothing vague or ambiguous about the interrogatory when considered in light of this litigation. Parrish is a businessman and as such should know what an order is. Further, Parrish's vague "confidentiality" argument is no more persuasive here than in any of the prior interrogatories. Parrish's objections lack merit.

Parrish answers the interrogatory by stating that "he has received orders from third parties for materials for the construction of homes, but has been unable to fill those orders because he was not in control of commercial production." Docket 101 at 22. This does not adequately identify the orders. Parrish failed to identify the developer or purchaser of those orders as asked by the interrogatory. Parrish's answer is insufficient.

**Interrogatory 26**

Interrogatory 26 asks Parrish to identify "any and all transfers of anything of value (in excess of $5,000 US Dollars) that you have made since January 1, 2005, including transfers to family members (including, but not limited to, your spouse and children)." Docket 101 at 22.

Parrish objects, arguing that the interrogatory is not reasonably calculated to lead to admissible evidence and that it is "non-discoverable information under the doctrine of Financial Disclosure Privilege[.]" *Id.* at 22-23. Superior Composite correctly argues that such information will provide context to Parrish's credibility much like the information in Interrogatory 18. Moreover, Parrish has stressed that he "would have purchased 100 (or more) homes from [Superior Composite's] plant once it was operational." Docket 65 at 2. Whether Parrish actually had the funds to do so is highly relevant evidence in this case. Therefore, Parrish's objections are overruled.

Parrish did not attempt to answer Interrogatory 26. Thus, his answer is insufficient.

**Requests for Production of Documents**

Superior Composite claims that Parrish has failed to produce any additional documents following the court's order to compel. Docket 105 at 6. But Superior Composite has not indicated, with a limited exception, which documents they want Parrish to produce. As a result, the court can only analyze the testing documents that Superior Composite references in its brief.

Superior Composite requested that Parrish produce any and all documents relied upon in answering Interrogatory 20, the interrogatory that asked about which tests were performed with regard to the Ambiente Housing System. As discussed earlier, Parrish mentioned tests that have been performed by various universities. Parrish must produce documents that support his statements that such tests occurred as well as any other tests that he is aware of but failed to identify in Interrogatory 20.

More generally, Parrish must produce any and all documents in accordance with this order as well as the Federal Rules of Civil Procedure, keeping in mind that the rules are "liberal in scope and interpretation."

In summary, Parrish has not provided the court with sufficient reasons to grant his motion to reconsider. First, the court is not convinced that Parrish's failure to respond to Superior Composite's motion to compel was an honest mistake when considered in light of his other conduct during this litigation. There are several examples of Parrish's complete disregard for the discovery process, perhaps the most notable of which is that his own attorneys asked to withdraw because he was refusing to provide required discovery. Second, even if Parrish had responded to Superior Composite's motion to compel, the above analysis shows that the parties would be in the same position—the court would have entered an order compelling complete responses and Parrish's subsequent answers would be grossly inadequate. As a result, the court will not alter its March 14 order.

## SANCTIONS

To impose sanctions under Federal Rule of Civil Procedure 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp.*, 186 F.3d at 1019. The March 14 order satisfies the first prong.

After considering the above analysis, the court finds that Parrish failed to comply with the court's March 14 order compelling Parrish to fully respond to Superior Composite's interrogatories and RFPs. Parrish added very little to his responses even after the court's clear order compelling him to answer them fully. Some of his answers remained exactly the same. Some responses were not even answers in that they were entirely objections and explanations of such objections. When additional answers were provided, they were either incomplete, so vague that they were insufficient, unintelligible, or some combination of the three. While Parrish consistently objected on the basis that the interrogatory was vague and ambiguous, the only things that were vague and ambiguous were Parrish's answers. Moreover, Parrish did not provide even one additional document requested by Superior Composite's RFPs. Parrish's failure to properly respond to most of Superior Composite's interrogatories, the manner in which he did respond, and his failure to provide any additional documents requested in the RFPs, results in the court's conclusion that Parrish's violation of the March 14 order was willful.

The court's determination that Parrish's violation was willful is further supported by Parrish's past conduct in this litigation. Parrish has asked for and been granted several extensions in this case. Parrish's own counsel withdrew because Parrish refused to hand over discoverable information. A court order was required to get Parrish to hand over his initial disclosures as required by the federal rules.[2] Parrish only responded to Superior Composite's requests for admissions after it brought a motion to have the requests for admissions deemed admitted because of Parrish's unwillingness to respond to them. After a careful examination of the history of this litigation, the court concludes that this is another example of Parrish's complete and utter disregard for the discovery rules, the litigation process as a whole, and, now, the court itself.

Lastly, the court examines whether Parrish's noncompliance prejudiced Superior Composite. *See* Rule 37(b)(2). Parrish's conduct has caused delays in discovery and has forced Superior Composite to incur additional expenses and spend unnecessary time filing motions. Receiving Parrish's complete and honest responses to the interrogatories and RFPs are especially important here because Superior Composite cannot depose Parrish, who is a resident of the United Kingdom. Therefore, Parrish's conduct has hampered Superior Composite's ability to proceed forward with this case. The court finds that

---

[2] Parrish did not respond to the motion to compel.

Superior Composite was and continues to be prejudiced by Parrish's noncompliance. Parrish has willfully violated a court order and prejudiced Superior Composite in doing so; thus, the court finds that Rule 37(b)(2) sanctions are appropriate here.

The court will now determine what sanctions are appropriate under the circumstances. Rule 37(b)(2) requires "that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted). "While the sanction of dismissal is drastic and should therefore be used only in exceptional cases, a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate." *Brennan v. Qwest Communications Int'l, Inc.*, Civil No. 07-2024, 2009 WL 1586721, at *7 (D. Minn. June 4, 2009).

Rule 37(b)(2) provides the following for examples of sanctions that the court can impose:

i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
iii. striking pleadings in whole or in part;
iv. staying further proceedings until the order is obeyed;
v. dismissing the action or proceeding in whole or in part;
vi. rendering a default judgment against the disobedient party; or

vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the court can require the disobedient party to pay the reasonable expenses, including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

Here, because of the number of interrogatories and RFPs involved and the nature of such interrogatories and RFPs, options (i), (ii), and (iii) would not resolve the problems created by Parrish's noncompliance while still preserving any chance Parrish has at litigating this case on the merits. Such sanctions seem appropriate when there is a particular issue, claim, or statement of fact that is causing discovery problems. Here, however, the interrogatories and RFPs essentially cover every claim, defense, and fact that is relevant to this case.

Staying the proceedings certainly does not resolve the prejudice to Superior Composite from Parrish's failure to cooperate in discovery. Likewise, dismissing the action is not an option because Parrish is the defendant in this case. Finding Parrish in contempt is not a practical alternative because Parrish does not reside in the United States, and it would be difficult for the court to gain physical custody of Parrish.

Thus, the court is left with two viable options: (1) award reasonable expenses, including attorneys' fees, to Superior Composite and hope Parrish

complies with this order as well as the March 14 order, or (2) grant a default judgment in Superior Composite's favor.

After much thought, the court finds that this case, while close, is not exceptional or drastic enough to grant a default judgment against Parrish at this time. The court will give Parrish one additional 30-day time period to respond to the interrogatories and RFPs in compliance with the findings in this order as well as the March 14 order of this court. The court warns Parrish that failure to do so within 30 days may lead to the entry of a default judgment in Superior Composite's favor. Additionally, Parrish is ordered to pay Superior Composite its reasonable expenses, including attorneys' fees, incurred in preparing its motion for contempt.

## CONCLUSION

Parrish has not met his burden for the court to reconsider its March 14, 2012, order compelling Parrish to fully respond to Superior Composite's interrogatories and RFPs. Parrish's objections lacked merit nearly to the point of being frivolous. Further, Parrish failed to provide a complete and sufficient answer to thirteen different interrogatories, some of which had sub-parts, and failed to produce any additional documents in response to the RFPs. Accordingly, it is

ORDERED that Superior Composite's motion for sanctions (Docket103) is granted.

IT IS FURTHER ORDERED that Parrish will have until **November 19, 2012**, to respond to Superior Composite's interrogatories and requests for production in compliance with this order and the order entered on March 14, 2012.

IT IS FURTHER ORDERED that Superior Composite will have until **November 1, 2012**, to submit a verified statement of attorneys' fees and expenses incurred in preparing the motion for sanctions.

IT IS FURTHER ORDERED that Parrish's motion for reconsideration (Docket 107) is denied.

Dated October 19, 2012.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE