UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR COMPOSITE STRUCTURES, LLC, | ) ) ) | Civ. 10-4066-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR SANCTIONS |
| MALCOLM PARRISH, | ) ) | |
| Defendant. | ) | |

Plaintiff, Superior Composite Structures, LLC, brought suit against defendant, Malcolm Parrish, who is proceeding pro se, alleging causes of action for breach of contract, negligent misrepresentation, fraudulent misrepresentation, and deceit. Superior Composite previously moved for sanctions after Parrish failed to comply with this court's order to fully answer interrogatories and requests for production of documents. The court granted Superior Composite's motion for sanctions—awarding attorneys' fees—because Parrish willfully violated the previous order and again ordered Parrish to fully answer the interrogatories and requests for production of documents. Parrish has failed to do so, and Superior Composite moves to renew its motion for sanctions and asks the court to enter a default judgment in its favor. Parrish resists the motion. For the following reasons, Superior Composite's motion for sanctions is granted, and default judgment is entered in favor of Superior Composite and against Parrish.

## BACKGROUND

The facts in this case were discussed in detail in this court's October 19, 2012, order. Docket 124. The following is a brief summary of those facts and a description of what has taken place since the October 19, 2012, order.

Parrish is the chief executive officer for Abersham Commercial Services, Ltd., which is involved in producing modular housing panels out of high-tech materials made from recycled glass. After Superior Composite expressed interest in selling modular houses made from these panels, Superior Composite and Parrish entered into a series of written agreements. Docket 1-1. The contractual relationship eventually disintegrated, and Superior Composite brought this action against Abersham and Parrish on June 14, 2010.

In the early stages of this lawsuit, counsel for Abersham and Parrish withdrew because "despite repeated attempts by [counsel] to obtain defendants' compliance with Rule 26(a) . . . and despite the undeniable fact that a significant amount of such information exists, defendants have failed to comply with their disclosure obligation." Docket 11 at 1. Abersham was unable to secure substitute counsel, which led the clerk of court to enter a default against it because corporations cannot proceed pro se in court. Dockets 29, 32. After holding a hearing on damages, where no representative of Abersham appeared, the court granted Superior Composite's motion for default judgment against Abersham in the amount of $849,895.98. Docket 57. Only Parrish remains as a defendant in this action.

All prediscovery disclosures required by Rule 26(a) were originally due on February 28, 2011. Docket 33-1 at 1. Superior Composite, however, did not hold Parrish to this deadline because of the aforementioned attorney problems. After failing to find counsel, Parrish represented to the court on March 21, 2011, that he would be proceeding pro se.

Superior Composite requested an April 20, 2011, deadline for the prediscovery disclosures. Parrish emailed Superior Composite two days before the deadline and asked for a seven-day extension, which Superior Composite approved. Then, on April 27, 2011, Parrish emailed Superior Composite and informed them that he was having problems with the court's electronic filing system and for that reason he was unable to provide the prediscovery disclosures. Superior Composite responded to the email by reminding Parrish that discovery did not need to be filed with the court but instead needed to be given to the agreed upon third-party intermediary. Docket 33-1 at 2. Parrish did not respond, and Superior Composite brought a motion to compel discovery on May 4, 2011. Docket 33. Superior Composite's motion was granted by United States Magistrate Judge John Simko on June 15, 2011, after Parrish failed to respond to the motion. Docket 43 at 4.

Superior Composite then served its requests for admissions on Parrish on May 19, 2011. The requests for admissions informed Parrish that the requests for admissions would be deemed admitted if he failed to answer. Docket 46-1 at 1. On June 29, 2011, after not receiving a response from

Parrish within the allotted time, Superior Composite brought a motion to deem the requests for admissions admitted. Docket 45. Parrish finally provided his responses to Superior Composite's requests for admissions on September 13, 2011, and asked the court to admit the late documents, which the court did. Dockets 73; 81.

On December 5, 2011, Superior Composite sent Parrish a set of interrogatories and requests for production of documents (RFPs). On December 8, 2011, Parrish's second set of attorneys filed a notice of appearance. Docket 84. Superior Composite sent Parrish's newly acquired attorneys copies of the interrogatories and RFPs on December 27, 2011. Docket 89-1 at 1. On January 6, 2012, counsel for Parrish requested and was given a two-week extension to answer the interrogatories and RFPs, which were originally due on January 9, 2012. Counsel for Parrish requested an additional extension on January 23, 2012. Superior Composite agreed to a January 26, 2012, deadline. Superior Composite finally received Parrish's answers to the interrogatories on January 26, 2012, and it received Parrish's responses to the RFPs on January 30. Docket 89-1 at 1-2.

After reviewing Parrish's responses to the interrogatories and RFPs, Superior Composite sent a letter to Parrish's counsel on February 7, 2012, indicating that the responses were deficient and asking for complete answers. Docket 89-1 at 2. Parrish's counsel responded two days later and indicated that they would respond within a "reasonable amount of time." *Id.* After no

4

word from Parrish or his attorneys, Superior Composite filed a motion to compel full answers to its interrogatories and RFPs on February 14, 2012. Docket 89. On March 14, 2012, after Parrish failed to respond to the motion, the court entered an order to compel, requiring Parrish to fully answer the interrogatories and RFPs by April 13, 2012. Docket 91.

On March 16, 2012, Parrish's attorneys withdrew, with permission from the court, because Parrish had not paid them. Dockets 92-95. On April 13, 2012, Parrish responded to the court's March 14, 2012, order, which response included additional answers to the interrogatories, but no additional responses to the RFPs. Docket 101. After reviewing Parrish's additional answers, Superior Composite moved for sanctions on April 24, 2012, asking the court to sanction Parrish for failing to comply with the March 14, 2012, order. Parrish, on May 8, 2012, moved for reconsideration of the court's order compelling discovery dated March 14, 2012.

On October 19, 2012, the court granted Superior Composite's motion for sanctions and denied Parrish's motion for reconsideration. The court found that Parrish willfully violated the March 14, 2012, order, and such violation caused prejudice to Superior Composite. Although the court seriously considered granting default judgment against Parrish at that time, it chose not to and instead gave "Parrish one additional 30-day time period to respond to the interrogatories and RFPs in compliance with the findings in [the October 19] order as well as the March 14 order of this court." Docket 124 at 27. The

5

court also warned Parrish that failure to comply may lead to the entry of a default judgment in Superior Composite's favor.

Parrish had until November 19, 2012, to respond to Superior Composite's interrogatories and RFPs. Rather than complying with this court's previous orders, on November 19, 2012, Parrish filed a "Response to Order Dated 10/19/12." In this filing, Parrish argued, irrelevantly, the merits of his case and implicitly suggested that his reason for not complying with this court's previous orders was because doing so would cause him to disclose proprietary and confidential information, some of which may not belong to him.[1] Docket 127 at 4. Parrish does not allege that he attempted to hand over any additional responses to Superior Composite's interrogatories or RFPs.[2]

---

[1] Parrish did not specify which interrogatories or RFPs would force him to disclose such information nor did he specifically argue the legal merit of such claims. Thus, the court assumes that Parrish is simply restating the previous objections he made in his motion for reconsideration. Those objections were overruled in the court's October 19, 2012, order when it denied Parrish's motion for reconsideration. A complete analysis of those objections can be found in the October 19, 2012, order.

[2] Parrish filed a few documents and pictures with a brief he filed on January 7, 2013, nearly two months after the court-imposed deadline. Moreover, the documents and pictures fall well short of complying with the court's previous orders requiring Parrish to fully respond to Superior Composite's interrogatories and RFPs.

As of November 21, 2012, Superior Composite had not received any additional discovery. The only document that was received from Parrish as of that date was the "Response to Order Dated 10/19/12" that Parrish filed with this court. Docket 130.

## DISCUSSION

To impose sanctions under Federal Rule of Civil Procedure 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). There have been two orders compelling discovery, thereby satisfying the first prong.

The court previously found in its October 19, 2012, order that Parrish's failure to comply with the court's March 14, 2012, order compelling Parrish to fully respond to Superior Composite's interrogatories and RFPs was willful. The court also found that Parrish's willful violation prejudiced Superior Composite. For the same reasons set out in the October 19, 2012, order as well as the fact that Parrish has still not attempted to comply with this court's orders, the court again finds that Parrish willfully violated the court's orders.

Parrish has not offered any additional responses to Superior Composite's interrogatories or RFPs, even though the court has entered two orders compelling him to do so. As noted in the October 19, 2012, order, Parrish has been granted several extensions in this case to assist him in providing discovery. Parrish's counsel withdrew because Parrish refused to hand over discoverable information. A court order was required to get Parrish to hand over his initial disclosures. Parrish only responded to Superior Composite's requests for admissions after it brought a motion to have the requests for admissions deemed admitted because of Parrish's unwillingness to respond to

them. Parrish's latest failure to comply with the court's October 19, 2012, order is another example of Parrish's complete and utter disregard for the discovery rules, the litigation process as a whole, and, now for the second time, the court itself.

Also discussed in the court's October 19, 2012, order was how Parrish's noncompliance prejudiced Superior Composite. The court finds that it continues to do so for the same reasons set out in that order. *See* Docket 124 at 24-25.

Parrish has willfully violated two court orders and prejudiced Superior Composite in doing so; thus, the court finds that Rule 37(b)(2) sanctions are appropriate once again.

Rule 37(b)(2) requires "that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted). Rule 37(b)(2) provides the following examples of sanctions that the court can impose:

> i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> iii. striking pleadings in whole or in part;
> iv. staying further proceedings until the order is obeyed;
> v. dismissing the action or proceeding in whole or in part;
> vi. rendering a default judgment against the disobedient party; or

> vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the court can require the disobedient party to pay the reasonable expenses, including attorneys' fees, caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

"Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (internal quotations omitted). Typically the court should "consider whether a lesser sanction is available or appropriate" before rendering a default judgment. *Gleghorn v. Melton,* 195 F. App'x 535, 537 (8th Cir. 2006) (unpublished). But if the facts show both willful misconduct and bad faith, the court "need not investigate the propriety of a less extreme sanction." *Id.*

As the court has already found, Parrish's misconduct was willful. The court further finds that his conduct was done in bad faith. Parrish has not attempted to comply with the court's October 19, 2012, order, which threatened that noncompliance may lead to entry of a default judgment against him. Instead, Parrish waited until the last day of the court-imposed 30-day deadline to file a "response" that mostly argued the merits of the case. The "response" had little to do with complying with the court's orders. Thus, the court finds that by waiting until the very last day of the deadline only to file

something that was almost entirely non-responsive amounts to bad faith. This is especially true when considered alongside Parrish's other actions during this litigation, which include numerous delays and, when looked at in their entirety, show a blatant disregard for this court and the litigation process as a whole.[3]

Even if the court were to find that Parrish acted in good faith, lesser sanctions would still be inappropriate here. As discussed in the previous order, the number of interrogatories and RFPs involved here and the nature of such interrogatories and RFPs prevent the court from using sanctions (i), (ii), and (iii) listed above. The interrogatories and RFPs essentially cover every claim, defense, and fact that is relevant to this case. Thus, imposing such sanctions would be futile in that it would just delay the inevitable—judgment in favor of Superior Composite.

Staying the proceedings certainly does not resolve the prejudice to Superior Composite from Parrish's failure to cooperate in discovery. Dismissing the action is not an option because Parrish is the defendant in this case. Moreover, finding Parrish in contempt is not a practical alternative because Parrish does not reside in the United States, and it would be difficult for the court to gain physical custody of Parrish.

Thus, the court finds that granting a default judgment in Superior Composite's favor is appropriate here. Additionally, Parrish is ordered to pay

---

[3] The specifics of Parrish's previous actions are discussed fully in the October 19, 2012, order. Docket 124.

Superior Composite its reasonable expenses, including attorneys' fees, incurred in preparing its renewed motion for contempt. Accordingly, it is

ORDERED that Superior Composite's renewed motion for sanctions (Docket 128) is granted. Parrish's answer is stricken and the clerk is directed to enter the clerk's default in favor of Superior Composite Structures, LLC, and against Malcolm Parrish pursuant to Fed. R. Civ. P. 55(a). After entry of default, Superior Composite Structures, LLC, shall move for entry of a default judgment pursuant to Rule 55(b)(2). The court will schedule a hearing to determine the amount of damages.

IT IS FURTHER ORDERED that Superior Composite will have until **July 12, 2013**, to submit a verified statement of attorneys' fees and expenses incurred in preparing the renewed motion for sanctions.

Dated June 12, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE